## STATE OF OREGON, APPELLANT, *v.* OLIVER WITHAM, RESPONDENT.

INDICTMENT FOR PERJURY—WHAT IT MUST SET FORTH.—In all indictments for perjury or subornation of perjury, it is necessary to set forth the substance of the controversy or matter in respect to which the crime was committed.

APPEAL from Benton County.

The respondent was indicted for the crime of perjury, committed before a grand jury. The indictment set forth, with particulars of time and place, the fact of the examination of the respondent as a witness before a grand jury duly impaneled, etc., and it sets forth the substance of the alleged false testimony, and alleges that "the said matters so testified" were "material, and the said testimony" was willfully and corruptly false. The substance of the matter or controversy pending before the grand jury, and concerning which the alleged false testimony was given, was not contained in the indictment.

The court below sustained a demurrer to the indictment, and thereupon the state appealed.

*S. H. Hazard, District Attorney,* for appellant.

*Strahan & Burnett,* for respondent.

By the Court, McArthur, J.:

The indictment herein is fatally defective, because it fails to show that the testimony, alleged to be false, was material to some controversy or matter which was being investigated by the grand jury, and which that body had jurisdiction to inquire into. In all indictments for perjury or subornation of perjury, it is necessary to set forth the substance of the controversy or matter in respect to which the crime was committed. (Crim. Code, sec. 87.)

Judgment affirmed.