[Davis v. The State.]


# Davis *v.* The State.

## *Indictment for Perjury.*

1. *Sufficiency of indictment in describing judicial proceeding.*—In an indictment for perjury (Code, § 4813; p. 995, Form No. 41), while it is sufficient to state "the substance of the proceedings", an averment that the offense was committed on the trial of A. B. "under an indict- ment for the offense of burglary", not stating the name of the person on whose property it was committed, is wanting in necessary certainty and definiteness.

FROM the Circuit Court of Clarke.

Tried before the Hon. WM. E. CLARKE.

The indictment in this case charged that the defendant, Roman Davis, "on his examination as a witness, duly sworn to testify, on the trial of one Henry Dentist, in the Circuit Court of Clarke county, Alabama, at the Spring term thereof, 1885, under an indictment for the offense of burglary, which said court had authority to administer said oath, falsely swore," &c.; "the matters so sworn to being material, and the oath of the said Roman Davis in relation to such matters being willfully and corruptly false." The defendant demurred to the indict- ment, "because it fails to aver that the testimony averred to have been given by the defendant was willfully and corruptly false, and because the same is not sufficient under the require- ments of the statute or the common law." The court over- ruled the demurrer, and its ruling thereon is the only matter here presented for revision.

DUNN & PILLANS, for the appellant, cited *Jacobs v. The State,* 61 Ala. 448; *Brown v. The State,* 47 Ala. 47; *Gibson v. The State,* 44 Ala. 17–23; *Lewis v. The State,* 3 Ala. 602.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—In an indictment for perjury, it is pro- vided by statute that it is not necessary to set forth the plead- ings, record, or proceedings, with which the false oath is con- nected, but only to state "*the substance of the proceedings,* the name of the court or officer before whom the oath was taken, and that such court or officer had authority to administer it, with the necessary allegations of the falsity of the matter on which the perjury is assigned."—Code 1876, § 4813. This is,

[Smith v. The State.]

substantially, the same as the statute on this subject now prevailing in England, as enacted by Parliament.

The indictment in this case does not set out "the substance of the proceedings" in the cause in which the act of perjury is alleged to have been committed. The court, time of trial, and the name of the defendant in the cause are stated, but the charge or purport of the indictment itself is not stated with sufficient certainty. It will not suffice to allege that the crime charged was burglary. The owner of the property upon whose property the crime was perpetrated should at least be specified. It would be as definite to aver that the trial was of a certain person for murder, without averring the person murdered. The form prescribed shows that this would be lacking in certainty, and insufficient.—Form No. 41, Code, 1876, pp. 995-6.

The other objection urged to the indictment can be easily corrected, and need not be considered, although we are inclined to think there is nothing in it.

The judgment is reversed, and the cause remanded. The prisoner will be retained in custody, until discharged by due course of law.