[No. 424.   D ieided June 1, 1892.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN SEE, *Respondent.*

PERJURY—INSUFFICIENCY OF INDICTMENT.

An indictment for perjury which does not describe the proceeding at which the alleged perjury was committed, is defective. (HOYT, J., dissents.)

*Appeal from Superior Court, Kittitas County.*

*D. H. McFalls,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The indictment in this case was as follows:

"The said John See, on the twelfth day of November, A. D. one thousand, eight hundred and ninety-one, in the county of Kittitas and State of Washington, then and there before his honor, Carroll B. Graves, judge of the superior court, of the State of Washington, for the county of Kittitas, holding court on said day in the court house at Ellensburg, upon a proceeding wherein the State of Washington was plaintiff, and John See was defendant, why said John See should not be punished for contempt of said court in disobeying a subpœna served upon him, the said John See, commanding him to be present and testify in a case wherein the State of Washington was plaintiff and one W. T. Harris was defendant, and at which said last mentioned trial said John See failed to attend and to so testify; and thereupon before said court, at said time as aforesaid, said John See, having taken an oath administered by Will G. Graves, deputy county clerk, and *ex officio* deputy clerk of said superior court, and who then and there had authority to administer such oath, did then and there willfully, corruptly, falsely, and feloniously depose, swear and testify, etc.—

With the ordinary allegations of the falsity of the matters and things sworn to. A general demurrer was interposed to this indictment, that it did not state facts sufficient to

constitute an offense against the law. The demurrer was sustained by the court, and the state, standing on the indictment, appeals to this court. We agree entirely with the argument of the prosecuting attorney, that the technical rules of the common law relating to criminal practice do not have any force in this state, and that the sufficiency of an indictment or information is to be determined by the rules prescribed in the act regulating criminal procedure, and are willing to concede that if the indictment upon a fair reading stands this test it is sufficient, though not good at common law. But subjecting this indictment to the test proposed, we think it fails. One of the requirements of the code is a statement of the acts constituting the offense in ordinary and concise language without repetition, and in such a manner as to enable a person of common understanding to know what is intended. This, it is true, is very broad language, but the person of common understanding must be enabled to arrive at this conclusion by giving the language used its ordinarily accepted meaning and grammatical construction, and the law will not compel the defendant to hazard a guess at what is meant by the language used. This indictment, it will be observed, does not describe the proceeding at which the alleged perjury was committed. The first part of the indictment, eliminating the parenthetical portion, is as follows: "Said John See (upon a proceeding wherein the State of Washington was plaintiff and John See was defendant) why said John See should not be punished for contempt of said court in disobeying a subpœna served upon him," etc. It will readily be seen that no proposition at all is stated here, and that the defendant, before he can determine what is meant, must not only supply an ellipsis, but must supply the substantive part of the sentence, which we think, even under the liberal provisions of the code, he should not be compelled to do, especially where there was a timely in-

terposition of a demurrer, and the state could have remedied the wrong complained of.

Judgment of the lower court is affirmed.

ANDERS, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J. (*dissenting*).—I think the indictment contained in this record is sufficient. That it lacks some of the technical accuracy of a common law indictment for perjury is very evident. Our statute, however, has provided a rule by which the sufficiency of indictments must be determined. That rule is substantially this: That if a person of common understanding can determine therefrom with what he is charged, and the time and place to which such charge relates is sufficiently set out in the indictment so that it may be identified, the indictment is good. Apply that rule to the indictment at bar, and it will be found sufficient. Any man of common understanding could not fail to know from the reading of such indictment just what crime he was charged with, and the time and place and circumstances surrounding the commission of such crime are certainly sufficiently set out for the purpose of identification. In my opinion, the judgment should be reversed, and the cause remanded for further proceedings.