# REPORTS OF CASES

DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 3294. Decided January 2, 1900.]

THE STATE OF WASHINGTON, *Appellant*, v. HARRY ROB-
ERTS, *Respondent.*

PERJURY—SUFFICIENCY OF INFORMATION.

An indictment charging defendant with taking an oath as an
election officer that he was not interested in any bet or wager on
the result of the election, whereas in truth and in fact said
defendant was interested in a certain bet and wager on the result
of said election, but which fails to charge when, where or with
whom such wager was laid, does not sufficiently charge perjury,
in view of Code Proc. § 1236, which requires an indictment to be
direct and certain as regards the party charged, the crime
charged, and the particular circumstances of the crime charged,
when they are necessary to constitute a complete crime.

Appeal from Superior Court, Yakima County.—Hon.
JOHN B. DAVIDSON, Judge.    Affirmed.

*Vestal Snyder (E. B. Preble,* of counsel), for the State.

*Jones & Guthrie, Henry J. Snively* and *Frank H. Rud-
kin,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The defendant was convicted by the ver-
dict of a jury in the superior court of Yakima county of

the crime of perjury, upon an information assigning per-
jury upon the statutory oath alleged to have been taken by
the defendant as one of the judges of an election precinct
in said county at the general election.    Afterwards, in re-
sponse to a motion in arrest of judgment, the verdict was
set aside upon the ground that the information did not
state facts constituting a crime.    The state appealed from
this judgment.    The defendant did not demur or move to
set aside the information, but pleaded to the merits, "Not
guilty."    The following is the substantial part of the in-
formation:

"Comes now Vestal Snyder, prosecuting attorney of
Yakima county, Washington, and by this information ac-
cuses said Harry Roberts of the crime of perjury com-
mitted as follows, to-wit:

That in said County and State, on the 8th day of Novem-
ber, A. D. 1898, at the biennial general election held in
pursuance of the Constitution and laws of the State of
Washington on said day, at the precinct of Tampico, in
said county, for the choice and election of precinct, county,
district and legislative officers in said State, the said de-
fendant Harry Roberts, then being one of the judges of
said election for said precinct, theretofore duly appointed
as such by the Board of County Commissioners of said
county at their regular session held previous to the day of
holding said election, at the polls of said election for said
precinct, and previous to entering upon the duties of his
said office of judge of said election and for the pur-
pose of legally qualifying himself as such judge of
said election and to enable him to act as such judge
and with the intent thereupon, for said purpose the
hereinafter mentioned certificate, deposition, affidavit
and testimony in writing to utter and publish as true
and use as his oath of office as such judge in such election
and in and as a part of the proceedings and returns of said
election for said precinct and with intent that said affidavit
be and have effect as the oath of office of said defendant as
such judge and be placed with the returns of said election
for said precinct, did then and there appear before one

Andrew Slavin, then and there being the inspector of said election for said precinct theretofore duly appointed such inspector by said Board of County Commissioners·at their said session and then and there in due form of law was sworn and did take his oath before said Andrew Slavin concerning the truth of the matters contained in the said and hereinafter set forth affidavit, (he, the said Andrew Slavin, then and there having competent and sufficient authority and power to administer said oath to said Harry Roberts in that behalf, and there being no person other than said Slavin authorized to administer oaths then and there present), and that said Harry Roberts being so sworn as aforesaid, and then and there before said Andrew Slavin, upon his oath as aforesaid falsely, wickedly, corruptly, wilfully and feloniously did say, depose, swear, certify and make affidavit in writing (among other things) in substance and effect following, that is to say:    That he, the said Harry Roberts, was not directly or indirectly interested in any bet or wager on the result of said election, said affidavit being then and there subscribed by said Harry Roberts and being of the tenor following:

'State of Washington, }
    Yakima County.     } ss.    Oath of Judge of Election.

I, Harry Roberts do swear (or affirm) that I will as judge duly ·attend the ensuing election (meaning the said general biennial election) during the continuance thereof and faithfully assist the inspector in carrying on the same. That I will not give my consent that any vote or ticket shall be received from any person other than such as I firmly believe to be according to the law of the State entitled to vote at such election; and that I will make a true and perfect return of the said election, and will in all things truly, impartially and faithfully perform my duty respecting the same to the best of my judgment and abilities; and that I am not directly or indirectly interested in any bet or wager on the result of this election (meaning said general biennial election).

Harry Roberts,
Judge of Election.

Subscribed and sworn to before me 8th of November, 1898.                          Andrew Slavin.'

Whereas in truth and fact the said Harry Roberts then, at the time he took his oath and made said affidavit, was directly interested in a certain bet and wager on the result of said election by him, said Harry Roberts, theretofore made, as he, said Roberts then and there well knew; and whereas in truth and fact said Harry Roberts then, at the time he took said oath and made said affidavit, was indirectly interested in a certain bet and wager on the result of said election, by him, said Roberts theretofore made, as he, said Harry Roberts, then and there well knew, it being then and there in the said election and upon the qualification of the Board of Judges of said election for said precinct a material matter and question, that is to say: Whether said Harry Roberts then, at the time he took said oath and made said affidavit was directly or indirectly interested in any bet or wager on the result of said election, and the making of said affidavit being then a material matter in said election and in the qualification of said defendant as such judge therein.    That forthwith upon making said affidavit said Harry Roberts with the intent and for the purposes aforesaid, published and uttered the same as true and placed the same duly certified under the hand of said inspector, as his oath of office as such judge in said election in the custody of said inspector of said election for said precinct, to be placed with the election returns of said precinct.    And so said prosecuting attorney says that the said defendant in manner and form aforesaid did commit willful and corrupt perjury against the peace and dignity of said State.    Dated at North Yakima, Washington, this 1st day of December, 1898.

Vestal Snyder,
Prosecuting Attorney of Yakima County, Washington."

The only question for the consideration of this court is the sufficiency of the indictment.    It is contended by the respondent, (1) that the oath administered to the respondent was non-judicial, and was not, in form or substance, authorized by any law of the state; (2) that so much of the information as charges the feasibility of the oath pleads mere legal conclusions, and does not inform the accused of

the nature of the accusation against him, and it is a viola-
tion of art. 1, § 22, of the constitution, in that defendant
was not apprised of the nature and cause of the accusation
against him.

Without discussing the other objections, we think the
last objection is well taken, and that the indictment is
faulty in that respect.    The law provides, in § 1236, Code
of Procedure, that an indictment must be direct and cer-
tain as regards—First, the party charged; second, the
crime charged; and third, the particular circumstances of
the crime charged, when they are necessary to constitute
a complete crime.    We think the circumstances of the
crime charged are not direct and certain in this indict-
ment.    In fact, there are no circumstances alleged at all.
It is true that this court has universally held that, if the
indictment sets forth statements of the acts constituting an
offense in such a manner as to enable a person of common
understanding to know what is intended, it is sufficiently
definite, but it seems to us that this indictment does not
fall within the provisions of this liberal statute.    The
essence of the crime charged here is making a wager on
the result of the election.    The defendant is not informed
in the indictment where it was that he made the wager,
when it was that he made the wager, or with whom he made
the wager, or how he was interested in a certain unde-
scribed bet or wager on the result of said election.    He
might have been falsely accused of making a bet with
Smith or Jones or Brown, and he had a right to know;
not, it is true, what the evidentiary matter relied upon by
the state was, but sufficient of the circumstances of the case
concerning the crime with which he was charged to under-
standingly prepare to defend himself.

We have examined the authorities cited by the appellant,
and do not think any of them are in point; nor do we think
that any authority in relation to perjury or any other crime

would sustain the indictment in this case. We think the case falls squarely within *State v. Carey*, 4 Wash. 424 (30 Pac. 729), and *Armstrong v. Van De Vanter*, recently decided by this court, 21 Wash. 682 (59 Pac. 510).

The judgment is affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.