[No. 12474. Department One. April 29, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. ORTON SMITH, *Appellant*.[1]

MALICIOUS PROSECUTION — CRIMINAL RESPONSIBILITY — REQUISITES OF INFORMATION—CERTAINTY. Under Rem. & Bal. Code, § 2369, making it a felony to maliciously and without probable cause cause the arrest of another for a felony, and making it a misdemeanor to so cause the arrest of another for a misdemeanor, an information charging a malicious prosecution without specifying the charge on which the arrest was made is fatally defective, in that it charges two offenses, if any, in violation of Id., § 2059, and also in that it fails to comply with § 2057, providing that an information must be direct and certain as regards the crime charged.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered June 30, 1914, upon a trial and conviction of a misdemeanor. Reversed.

*John Truax*, for appellant.

*C. G. Jeffers*, for respondent.

PARKER, J.—The defendant was charged by information, filed in the superior court for Grant county, as follows:

"That he, the said Orton Smith, in the County of Grant, State of Washington, on or about the 27th day of December, 1913, then and there being did then and there maliciously and without probable cause therefor, file with Ed. G. Bowker, Justice of the Peace for Warden Precinct, Grant County, Washington, a complaint ·charging one C. M. Whitman,

[1]Reported in 148 Pac. 25.

with the crime of malicious prosecution and did then and there
by so doing maliciously and without probable cause there-
for, attempt to cause the arrest of him the said C. M. Whit-
man, he the said C. M. Whitman then and there being inno-
cent of the crime charged in the complaint of the said Orton
Smith."

At the conclusion of a trial before the court and a jury,
verdict was rendered in words as follows:

"We, the jury in the case of the State of Washington,
plaintiff, against Orton Smith, defendant, find the defendant
guilty as charged."

Upon this verdict, the trial court adjudged the defendant
guilty of a misdemeanor under Rem. & Bal. Code, § 2369
(P. C. 135 § 233), and that he pay a fine of $250. From
this judgment, he has appealed.

The sufficiency of the information was challenged by coun-
sel for appellant by demurrer before trial and by motion in
arrest of judgment thereafter, upon grounds, among others,
that the facts stated therein do not constitute a crime, and
that the information does not substantially conform to the
requirements of the statute. Counsel for appellant contend
that the trial court erred in its rulings adverse to appellant
upon the challenge to the sufficiency of the information so
made.

Section 2369 of Rem. & Bal. Code, under which counsel for
the state sought conviction, and the trial court adjudged ap-
pellant guilty of a misdemeanor, reads as follows:

"Every person who shall, maliciously and without prob-
able cause therefor, cause or attempt to cause another to be
arrested or proceeded against for any crime of which he is
innocent—

"(1) If such crime be a felony, shall be punished by im-
prisonment in the state penitentiary for not more than five
years; and,

"(2) If such crime be a gross misdemeanor or misde-
meanor, shall be guilty of a misdemeanor."

It will be noticed that the information did not inform appellant whether he was charged with the commission of a felony or a misdemeanor, either by informing him of the nature of the malicious charge he was alleged to have made against Whitman, or by any general statement as to whether that charge was for a felony or misdemeanor.

The only argument suggested to meet the contention of appellant's counsel touching the sufficiency of the information which we regard as worthy of serious consideration is that § 2369, above quoted, defines but one crime of two different degrees, the lesser of which is necessarily included within the greater. The theory of the argument seems to be that one cannot commit the greater without at the same time committing the lesser crime defined in this section, as when one commits an assault and battery he also necessarily commits an assault. The fallacy of this argument, however, we think becomes apparent upon a critical reading of this section. It is plain that one becomes guilty of a *felony* when he maliciously and without probable cause charges another with the commission of a felony, and that he becomes guilty of a *misdemeanor* when he maliciously and without probable cause charges another with the commission of a misdemeanor. This, it seems to us, renders it readily apparent that one's guilt under this section must be determined by the nature of the charge he has made against another, which charge must necessarily be of a felony or of a misdemeanor, each having no relation to the other, so far as the question of guilt in the violation of § 2369 is concerned. If this information can be held to charge any offense at all, it charges two offenses, in violation of Rem. & Bal. Code, § 2059 (P. C. 135 § 1023). It is, in any event, in violation of the provisions of Rem. & Bal. Code, § 2057 (P. C. 135 § 1019), providing that an information "must be direct and certain, as it regards . . . the crime charged." Observations made by this court in *State v. Ackles*, 8 Wash. 462,

36 Pac. 597, and *State v. Roberts*, 22 Wash. 1, 60 Pac. 65, are in harmony with this view.

We conclude that the trial court erred in overruling appellant's demurrer to the information, and also in denying his motion made in arrest of judgment.

The judgment is reversed.

MORRIS, C. J., HOLCOMB, MOUNT, and CHADWICK, JJ., concur.