(No. 6660.   March 11, 1939.)

STATE, Appellant, v. CHARLES R. LOWE, Respondent.

[88 Pac. (2d) 502.]

Willis C. Moffatt, Prosecuting Attorney, J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Appellant.

Frawley & Barnes, for Respondent.

BUDGE, J.—Respondent, Charles R. Lowe, was indicted by the grand jury of Ada county, upon a charge of perjury, to which indictment respondent interposed his demurrer "for the reason and upon the ground the facts stated in said indictment do not constitute a public offense." The demurrer was sustained and respondent ordered discharged and his his cash bail refunded. From the judgment the state has appealed and assigned as error the action of the court in sustaining respondent's demurrer to the indictment.

The charging part of the indictment is as follows:

"That Charles R. Lowe, on or about the 17th day of May, 1938, at Boise, in the County of Ada, and State of Idaho, then and there being did then and there, commit the crime of perjury, to-wit: That the said defendant, Charles R. Lowe, then and there being, did, having taken an oath before the District Court of the Third Judicial District in and for the

County of Ada, State of Idaho, and the Hon. Charles F. Koelsch, District Judge presiding, that he would testify truly before said Court in a matter then and there concerning a case before said Court, to-wit: The case of *State of Idaho, Plaintiff, vs. W. H. Abendroth, Defendant,* Docket No. 722 of the Docket of said Court, said oath having been regularly administered by Chloe B. Burnett, the duly authorized Deputy Clerk of said District Court, who then and there had authority to administer such an oath, *did* in a matter material to said case and matter before said Court, he, the said Charles R. Lowe, having taken such oath as aforesaid, wilfully, corruptly, falsely, and feloniously, state, declare and testify the truth to be, that he, the said Charles R. Lowe, while testifying before the Grand Jury of Ada County, state of Idaho, had not testified before the said Grand Jury that he had bought the hay from Hodson, and that it, or some of it, had been delivered, and part had been used before W. H. Abendroth called at the hospital, and the said defendant further testified as aforesaid, the truth to be, that he had not stated to the said Grand Jury that he did not discuss hay at all with W. H. Abendroth at a meeting between *he* and Mr. Abendroth at the said Charles R. Lowe's office at Blackfoot, Idaho; all of which statement and testimony was false and not true, and that such false statement was made and declared by said Charles R. Lowe for the purpose of influencing the Court and a jury duly empanelled to try the aforementioned matter and case then and there before the court, and that the said false statement and oath was then and there material to the issues tendered in said cause.''

The main question presented by this appeal is whether or not the indictment sets forth *the substance of the controversy or matter in respect to which the offense was committed,* as prescribed by section 19–1326, I. C. A., providing:

''In an indictment for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is

assigned; but the indictment need not set forth the pleadings; record, or proceeding with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed.''

In the indictment under consideration ''the controversy or matter in respect to which the offense was committed,'' was the case of *State v. Abendroth,* referred to in the indictment only by designating the court, the judge, the names of the parties and the docket number, as follows:

''in a matter then and there concerning a case before said Court (District Court of the Third Judicial District in and for the County of Ada, State of Idaho, and the Hon. Charles F. Koelsch, District Judge presiding), to wit: *The case of State of Idaho, Plaintiff, vs. W. H. Abendroth, Defendant, Docket No. 722, of the Docket of said court. . . . ''* (Emphasis inserted.)

The question is whether the indictment, so worded, sets forth the *substance* of *State v. Abendroth.* An examination of the authorities considering statutes for all practical purposes the same as section 19–1326, I. C. A., discloses two divergent and irreconcilable lines of authority. One line, that followed in California, follows *People v. Ah Bean,* 77 Cal. 12, 18 Pac. 815, wherein it is held that in an information for perjury, charging that defendant was duly sworn in a certain case ''then and there at issue to-wit the case of *The People v. Martine,''* and setting out defendant's testimony therein, with an averment of its materiality, sufficiently ''sets forth the substance of the controversy in respect to which the offense was committed'' as required by Penal Code of California, section 966. To similar effect are, *People v. Collins,* 6 Cal. App. 492, 92 Pac. 513; *People v. Dunstan,* 59 Cal. App. 574, 211 Pac. 813; *Williams v. State,* 14 Okl. Cr. 100, 167 Pac. 763; *State v. Reidt,* 54 S. D. 178, 222 N. W. 677; *Atkinson v. State,* 133 Ark. 341, 202 S. W. 709.

The other line of authority is to the effect that the statutory requirement that the substance of the controversy or matter in respect to which the offense was committed is not met by an averment merely giving the name of the case, the court, the docket number and such matters, but that substantially what was the matter in controversy must be shown, that

is, the substance of the case or the issue involved must be set forth, which principle is supported by the following authorities:

In *State v. See,* 4 Wash. 344, 30 Pac. 327, it is said:

"This indictment, it will be observed, does not describe the proceeding at which the alleged perjury was committed. The first part of the indictment, eliminating the parenthetical portion, is as follows: 'Said John See, (upon a proceeding wherein the state of Washington was plaintiff and John See was defendant) why said John See should not be punished for contempt of said court in disobeying a subpoena served upon him,' etc. It will readily be seen that no proposition at all is stated here, and that the defendant, before he can determine what is meant, must not only supply an ellipsis, but must supply the substantive part of the sentence, which we think, even under the liberal provisions of the Code, he should not be compelled to do, especially where there was a timely interposition of a demurrer."

In *State v. Argo,* 118 Tenn. 377, 100 S. W. 106, the court said:

"Shannon's Code, sec. 7093, provides: 'It shall be sufficient in such case to give the substance of the controversy or matter in respect to which the offense was committed,' etc. This requirement, it is clear, is not met by the averments of this indictment. There is no statement of the substance of the matter or controversy in either case. It is only averred there was a suit pending. What the substance, or substantially what was the matter in controversy, is not shown; only that it became material. This is not an averment of facts showing the materiality of the matter sworn to. This is a clear requirement of the Code, and may easily be complied with."

"The indictment should have set out the substance of the issue involved in the chancery court cause. The point of inquiry should have been stated. 'The proceeding should be identified by charging the legal name, as, for example, that it was a trial for murder or an action of ejectment; and the matter in issue must be averred with sufficient clearness to inform the person accused of perjury of the exact nature of the charge against him.' 16 Enc. Pl. & Prac. p. 321, sec. 2, and cases cited in the notes. On this point the indictment

charges that 'in a certain issue joined between R. B. Tennison, complainant, and H. Silberberg, defendant (No. 1,181), in the chancery court of said county and state, . . . . in making answer to a certain bill of injunction filed in said chancery court by said Tennison against said Silberberg,' etc. This amounts to no more than giving the style of the case, for there are numerous causes of equitable cognizance in which a writ of injunction may issue. The phrase 'bill of injunction' does not indicate in the remotest degree the issue involved. Section 1362 of the Code provides that an indictment for perjury shall set forth the substance of the offense charged. This statute . . . . did not intend to dispense with the necessity of setting out in an indictment for perjury the substance of the issue or point of inquiry in the case in which the perjury is alleged to have been committed;" (*State v. Silberberg*, 78 Miss. 858, 29 So. 761.)

In *Treece v. People*, 96 Colo. 32, 40 Pac. (2d) 233, the court states as follows:

"When subjected to a trial on an indictment for perjury alleged to have been committed before a grand jury when it was inquiring into an issue or point in question, the defendant is entitled to be advised by the indictment what the issue is, or as to the nature of the point in question, so that he may prepare himself to show, if he can, that though the testimony be false, it was not material, therefore the issue or point in question, and the matter under inquiry, must be stated. 'The point in question,' as stated in the statute, relates to the subject matter of the investigation and not to a particular question asked or answered." (See, also, *Cowan v. State*, 15 Ala. App. 87, 72 So. 578.)

The word "substance" is defined by Webster's New International Dictionary as:

"The most important element in any existence; the characteristic and essential components of anything; the main part; essential import; purport."

The indictment in the instant case merely alleged the title of the case, its docket number, and the court, but does not in any manner set forth or advise respondent what the issue was, or the nature of the point in question in *State v. Abendroth*. The characteristic and essential components, the

main part, the essential import or the purport of *State v. Abendroth* was not set forth in the indictment. Respondent was, by the terms of the statute, section 19–1326, I. C. A., entitled to be advised just what was the nature of the charge, controversy or matter involved in *State v. Abendroth*, so that he might prepare himself to show, if he could, that though the testimony was false it was not material, and in order to prepare his defense. We are of the opinion that the "substance of the controversy or matter" in *State v. Abendroth*, was not set forth by merely naming the case, its docket number and the court, and that the trial court did not err in sustaining the demurrer.

The judgment is therefore affirmed.

Morgan and Holden, JJ., concur.

AILSHIE, C. J., Concurring.—I concur in the opinion of Justice Budge herein. I think, however, that the most serious defect in the indictment consists in the absence of averment as to what defendant said to the grand jury, the nature of the investigation then pending before them and the materiality of the statements made.

The *"matter in respect to which the offense was committed,"* (see sec. 19–1326, I. C. A.) was evidently something that the defendant is alleged (inferentially) to have sworn to before the Ada county grand jury and which he allegedly denied on the witness stand in the district court. The indictment fails to advise defendant what matter or issue was being inquired into by the grand jury nor does it state the time, nor the particular testimony he gave before the grand jury which he subsequently denied under oath in the district court. This was absolutely essential in order to enable the court to determine the *materiality* of the testimony, and likewise necessary to enable the defendant to know what he would be called upon to defend himself against. The crux of the case against defendant was the testimony he gave before the grand jury that he subsequently denied before the district court; and it was therefore of first importance that the *indictment inform him of the matters and things he stated to the grand jury that it is claimed he denied saying.* We

have on several occasions pointed out the importance of an indictment or information apprising the defendant of "the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended." (Sec. 19–1309, I. C. A.; *State v. Smith*, 25 Ida. 541, 138 Pac. 1107; *State v. McMahan*, 57 Ida. 240, 65 Pac. (2d) 156.)

Here, the only thing in the indictment, in the way of statement of the testimony given, is as follows:

"That Charles R. Lowe . . . . *did* in a matter material to said case and matter before said Court, . . . . having taken such oath as aforesaid, wilfully, corruptly, falsely, and feloniously, state, declare and testify the truth to be, that he, the said Charles R. Lowe, *while testifying before the Grand Jury of Ada County, State of Idaho, had not testified* before the said Grand Jury that he had bought the hay from Hodson, and that it, or some of it, had been delivered, and part had been used before W. H. Abendroth called at the hospital, and the said defendant further testified as aforesaid, the truth to be, that he had not stated to the said Grand Jury that he did not discuss hay at all with W. H. Abendroth at a meeting between *he* and Mr. Abendroth at the said Charles R. Lowe's office at Blackfoot, Idaho," etc. (Italics supplied.)

An analysis of the foregoing reveals an utter failure to allege the question or issue that was being investigated by the grand jury and also a total failure to state the testimony that defendant gave before the grand jury *that he subsequently denied* before the district court. These things are essential to the validity of the indictment. (*State v. See*, 4 Wash. 344, 30 Pac. 327; *Treece v. People*, 96 Colo. 32, 40 Pac. (2d) 233; *State v. Roberts*, 22 Wash. 1, 60 Pac. 65; *State v. Witham*, 6 Or. 366; *Commonwealth v. Taylor*, 96 Ky. 394, 29 S. W. 138; *Davis v. State*, 79 Ala. 20; *State v. Argo*, 118 Tenn. 377, 100 S. W. 106; *Hilliard v. United States*, 24 Fed. (2d) 99.) Furthermore, this indictment fails to charge that the statement made before the grand jury, whatever it was (which is not disclosed), was true or false. This indictment merely charges the defendant with denying in the district court that he made some contrary statement before the grand jury.

It has been stated by very high authority that: "If the pleader sets out contradictory oaths, it is also essential to show which is true and which is false." (*Hilliard v. United States*, 24 Fed. (2d) 99; 3 Bishop, New Cr. Proc., sec. 918.)

The state cites and relies on *People v. Ah Bean*, 77 Cal. 12, 18 Pac. 815, in support of the contention that it was unnecessary to state the nature of the controversy or question pending before the grand jury concerning which defendant testified or to set out the specific testimony he gave. It must be conceded that the case tends to support the state's contention. The case, however, should not be accepted as controlling here, for the reason that it involved the simple and single issue of the falsity of certain testimony given by the accused while testifying as a witness in and before the same court to which the indictment of defendant was returned. No question confronted the court in the Ah Bean case involving the denial of testimony given by the defendant in or before another tribunal or body. *Treece v. People, supra,* involved testimony given before a grand jury and the point is very clearly stated as to why the *testimony should be* stated and the *nature* of the inquiry set out, in order that the materiality of the evidence may be determined by the trial court as well as understood by the defendant in preparing his defense. To the same effect is *State v. Witham, supra.*

The law does not undertake to punish every false statement a man may make either in litigation or otherwise; that would be too great a task for the state to assume or the courts to hear. It is only willful falsehood about a material matter at issue or involved in some matter requiring the sanction of an oath that the state may prosecute. The peculiar nature of the controversy attempted to be presented by the indictment before us furnishes my only reason for this discussion.

Holden, J., concurs.

GIVENS, J., Concurring Specially.—As I understand the information the state attempted to charge respondent with perjury in connection with what he testified in district court he had said before the grand jury, not in connection with

what he testified in district court actually took place between himself and Abendroth at Blackfoot. If this analysis is not correct then the indictment is defective for other cogent and apparent reasons.

Considering the above analysis to be correct, I therefore concur with both Ailshie, C. J., and Budge, J.