66 N.J. Super. 216 (1961)
168 A.2d 682
BEATRICE LABRACIO, AN INFANT, BY HER GUARDIAN AD LITEM, ANTHONY LABRACIO AND ANTHONY LABRACIO, INDIVIDUALLY, PLAINTIFFS,
v.
NORTHERN INSURANCE COMPANY OF NEW YORK, A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 27, 1961.
*217 Messrs. Bendit, Weinstock, Cummis & Kroner, attorneys for plaintiffs.
Messrs. Gaffey & Webb, attorneys for defendant.
LABRECQUE, J.S.C.
This matter comes on before me on plaintiffs' motion for summary judgment.
The facts are not in dispute. Defendant is a foreign corporation authorized to transact business in the State of New Jersey. On March 22, 1960 it issued to Anthony LaBracio its policy of insurance known as a "Family Combination Automobile Policy" whereby it insured him and each relative residing in the same household with him, for medical payments arising from bodily injury sustained while occupying or being struck by an automobile. The policy was for one year and provided for payment of medical expenses of up to $2,000.
On May 11, 1960 Beatrice LaBracio, a minor daughter of Anthony LaBracio, was residing in his household. On that day, while riding on a motor scooter owned and operated by a third person, the motor scooter was struck by an automobile whereby she was severely injured. The present suit is for the expenses of her subsequent hospitalization and *218 medical treatment. The hospital bill alone exceeded $2,000. The defendant contends that its policy does not cover the mishap since plaintiff was neither occupying nor struck by an automobile.
The medical payments provision in the policy reads as follows:

"PART II  EXPENSES FOR MEDICAL SERVICES
COVERAGE C  MEDICAL PAYMENTS: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' caused by accident, while occupying or through being struck by an automobile." (Emphasis added.)
The questions presented are: (1) Is a motor scooter included within the term "an automobile" in the medical payments provision of the policy? (2) Is a passenger on a motor scooter which is struck by an automobile "struck by an automobile" under the terms of the policy?
It is urged by the plaintiff that the word "automobile" connotes a self-propelled vehicle suitable for use on a street or roadway, and that a motor scooter comes within the purview of this definition. It is further urged that from the policy it appears that the company had no difficulty in confining its liability in other clauses to cases where a four-wheel automobile was involved, and that, therefore, the plaintiff here was not restricted to a recovery only when occupying a four-wheel automobile. The word "occupying" is defined in the policy as meaning "in or upon or entering into or alighting from."
A motor scooter has been held to be nothing more than a motorcycle. Standifer v. Inter-Ocean Ins. Co. Co., 37 Ala. App. 393, 69 So.2d 300 (Ct. App. 1953). N.J.S.A. 39:1-1 defines a motorcycle as including "all motor operated *219 vehicles of the bicycle or tricycle type, whether motive power be a part thereof or attached thereto, having a saddle or seat with driver sitting astride or upon it, or a platform on which the driver stands." The statutory definition is in line with the trend of decisions which have come to recognize the distinction between an automobile and a motorcycle. Perry v. North American Accident Insurance Co., 104 N.J.L. 117 (E. & A. 1927); Neighbors v. Life & Casualty Ins. Co., 182 Ark. 356, 31 S.W.2d 418 (Sup. Ct. 1930); cf. note in 38 A.L.R.2d 882.
At the time of the accident the infant plaintiff was therefore "in or upon" a motorcycle, not an automobile. As a passenger on the motorcycle, she was not entitled to the benefits provided by the policy for passengers in automobiles.
It remains to be considered whether at the time of the happening of the accident she was "struck by an automobile" under the terms of the policy. The policy contains no definition of this term. For the defendant it is urged that there can be no recovery in the absence of a direct striking of the plaintiff's person by an automobile, and that an indirect striking, such as striking the motor scooter on which she is riding, whereby she was thrown and injured, was not covered by the policy.
Terms in an insurance policy are to be interpreted according to their usual meaning. Terms in the policy which are ambiguous, equivocal or uncertain to the extent that the intention of the parties is not clear and cannot be ascertained clearly by application of ordinary rules of construction, are to be construed strictly and most strongly against the insurer and liberally in favor of insured. 29 Am. Jur., Insurance, sec. 166.
The case is one of novel impression. Counsel for the defendant cites Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806 (Sup. Ct. 1945). In that case plaintiff Johnston sought to collect under a policy which contained a provision for medical payments. He had been driving his pick-up truck and had collided head-on with another automobile *220 proceeding in the opposite direction. The policy provided for payment "while operating, driving, riding in * * * a private passenger automobile." Another paragraph of the policy provided for payment for injuries sustained "by being struck or run over by an automobile." The court denied a recovery because Johnston was operating a truck rather than a private passenger automobile. He had also contended that he should recover under the second provision because he was "struck by his own automobile." The court in rejecting his argument said:
"Respondent [Johnson] was still in his own automobile after the collision and never had any personal contact with the Packard coupe, and since the policy and the rules of construction pertaining thereto are not concerned with negligence or proximate cause, he very properly does not contend he was struck by the Packard coupe." (Emphasis added)
The interpretation here sought to be invoked by defendant would require the adoption of a strained meaning to words which are in ordinary and common use. The reasoning necessary to a holding with the defendant would require denial of a recovery in every case where there was no actual touching of the person by the offending car. Save for Johnston v. Maryland Casualty Co., supra, in which the question was not directly involved, no other cases are advanced in support of defendant's contention. Medical payments coverage is a comparatively new type of casualty insurance and this may well account for the lack of precedent. However, this type of coverage is closely akin to the coverage provided by personal accident insurance policies. 8 Appleman, Insurance Law and Practice, sec. 4896, p. 312.
In Barnes v. Great American Indemnity Co., 60 Ohio App. 114, 19 N.E.2d 903, 904 (Ct. App. 1938), a personal accident insurance policy provided for payments upon the plaintiff's "being struck, run down or run over by an automobile." There had been no contact between the automobile and the plaintiff, but the plaintiff had jumped or fallen in *221 an effort to avoid being struck by an automobile while crossing the street. In sustaining an award in favor of the plaintiff the court held that it was not necessary that there be a physical striking in order to sustain a recovery.
It may well be said that in the Barnes case the court laid great stress upon the fact that the policy used the words "being run down" as well as "being struck." However, in Carson v. Nationwide Mutual Insurance Co., 169 N.E.2d 506 (Ohio C.P. 1960), the facts were almost identical with those sub judice. The policy provided for medical payments for injuries "(a) by being struck by a land motor vehicle or trailer." The plaintiff had been driving a tractor when it was struck by a truck, without there being any physical touching of the person of the plaintiff by the truck. Defendant had denied liability for substantially the same reasons presently urged. In rejecting them, the court held (at pp. 509-510):
"Defendant's insistence that there must be an actual physical touching between the person injured and the object he claims struck him in order to be `struck by' that object, in the opinion of this Court does violence to the ordinary and usual meanings given to the ordinary and commonly used words and expressions before this Court for interpretation.
To illustrate, consider the following hypothetical situations:
A pedestrian who walks with the assistance of a cane, thrown to the ground when a vehicle strikes his cane from his hands without actually touching his person, causing him to be injured; two pedestrians walking side by side only one of whom, however, is physically brushed by a passing vehicle causing them both to be thrown to the ground and injured; a person seated in a swing or on a hammock, on a lawn, off the street, thrown into the air by a vehicle out-of-control, crashing into the swing or hammock but not actually touching the person of the injured; a person riding on a bicycle or motorcycle, having it hurled from under him by a passing vehicle without actually touching his person; the rear-end collisions which are a daily occurrence on our city streets, and frequently happen when a vehicle stops at an intersection for a red light and while stopped is struck by a vehicle from behind, causing injury to the operator or passenger of the stationary vehicle.
To hold as the defendant insists, that in none of these instances was the person injured `struck by' the offending vehicle, merely because there was no physical touching of the person injured by *222 said vehicle, would seem to be novel, unwarranted and without justification, taking into account the common and ordinary meaning of these words and phrases which are not obscure or ambiguous and which in ordinary usage, in the opinion of this Court, are commonly understood to mean the contrary.
It is relevant and helpful to note that an assault and battery which is predicated upon an unlawful `striking' of another may be committed with an automobile. See 99 A.L.R. 835."
And further (at p. 512):
"This Court accordingly holds, that when a person suffers injuries, while seated in an automobile into which another vehicle crashes or with which it collides, and such injuries result from said collision, as is admitted to be the case here, he has been `struck by' such other vehicle and qualifies for the benefits of a contract of insurance granted when such injuries were received `by being struck by a land motor vehicle or trailer.'"
The liability sought to be invoked here is somewhat analogous to the liability of one committing a battery by striking an object which is practically identified with the plaintiff. Thus, at common law one striking a horse on which the plaintiff was riding committed a battery upon the plaintiff. Dodwell v. Burford, 1 Mod. Rep. 24, 86 Eng. Rep. 703 (K.B. 1669). The same rule applies when defendant strikes a horse which is pulling a carriage in which the plaintiff is riding. Clark v. Downing, 55 Vt. 259, 45 Am. Rep. 612 (Sup. Ct. 1882); Marentille v. Oliver, 2 N.J.L. 358 (Sup. Ct. 1808). And, in the recent case of Farm Bureau Mutual Automobile Insurance Co. v. Hammer, 177 F.2d 793 (4 Cir. 1949), the same liability was held to attach to one who intentionally drove his vehicle into another vehicle.
Had it been the intention of the policy to include only liability to such persons as might be actually physically contacted by automobiles, this could have been accomplished in so many words in the covering clause of the policy itself, or in the column entitled "exceptions." Or there could have been a clause explicitly limiting recovery to cases of actual physical contact with the offending vehicle. See 12 A.L.R.2d, *223 p. 600. Defendant failed to avail itself of any of these methods. Applying the ordinary meaning to the words used here, I find that the striking of the motor scooter on which the plaintiff was riding constituted a striking of the plaintiff by an automobile. Even if it be assumed that such ambiguity existed in the terms of the policy as to leave room for two constructions, the words used should be interpreted most strongly against the insurer. Harris v. American Casualty Co., 83 N.J.L. 641 (E. & A. 1912).
An order may be submitted in conformity with these conclusions.