409 P.2d 386

Anastacio GALLEGOS, aka Ted Gallegos, and Juan R. Gallegos, aka Ray Gallegos, Plaintiffs and Appellants,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.

No. 10417.

Supreme Court of Utah.

Dec. 27, 1965.

1. 13 Utah 2d 147, 369 P.2d 493 (1962).

Anastacio Gallegos, pro se.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., for respondent.

CROCKETT, Justice.

The appellants, in the Utah State Prison serving a sentence for second degree murder after conviction upon a trial by jury and affirmance by this court,[1] petitioned the District Court for their release under habeas corpus.

The petition is founded upon the contention that a key witness for the prosecution, Mike Don Hoopiiana, gave false testimony

1. State v. Gallegos, 16 Utah 2d 102, 396 P.2d 414.

at the trial; and that the district attorney knowingly employed this false testimony to obtain their conviction.

At the hearing the transcript of the original trial and of the preliminary hearing were introduced in evidence. The contention of perjured testimony was based upon claimed inconsistencies in statements made by Mr. Hoopiiana in those proceedings. Upon consideration of this evidence and the testimony of two jurors called as witnesses the trial court rejected appellants' contention and dismissed the petition. Review of this ruling is the subject of this appeal.

This proceeding impresses us as an attempt to persuade the court to join in what appears to be a tendency on the part of some courts in recent years not to give effect to the finality which such judgments should have and to entertain collateral attacks upon them upon unsubstantial grounds which would not have been permitted in former times.

In our system of justice there are numerous and adequate protections of the personal rights and liberties of one accused of crime and safeguards against conviction of the innocent. This is the purpose of restrictions upon making arrests; search and seizure; the assurance of adequate counsel; of being informed of the specific accusation; of trial by jury; of confrontation of witness against him; of having witnesses in his own behalf; the privilege against self-incrimination and against testimony from certain other persons in confidential relationship to him; the presumption of innocence; and the requirement of proof of guilt beyond a reasonable doubt.

When there has been due observance of all of these safeguards as was done in this case; and a verdict of guilty rendered by a jury; and the whole procedure has been subjected to careful scrutiny on appeal; that fulfills the objective of the law in assuring a fair trial. When this has been accomplished all presumptions are in favor of the validity of the judgment and it should be regarded as having some solidarity and finality.[2] It is then not subject to attack under habeas corpus or any other collateral proceeding except in the most unusual circumstances: where the court was without jurisdiction; or there has been a substantial failure to accord the accused due process of law; or perhaps for example where it is indisputably shown that there is mistaken identity; or that there has been a knowing and wilful falsification of the evidence by the prosecutor; or some other such circumstance that it would be wholly unconscionable not to re-examine the conviction. There was nothing of that character here.

There is no proof that Mr. Hoopiiana lied at the trial, only that there was

---

2. See Ward v. Turner, 12 Utah 2d 310, 366 P.2d 72.

some inconsistency between his then testimony and that which he gave at the preliminary hearing. The mere fact of inconsistency does not constitute proof that the testimony he gave at the trial was false.[3] Much less does it support the charge that the prosecutor knew of perjured testimony but nevertheless wilfully and intentionally used it, which is what would have to be shown in order to justify collateral attack upon the conviction.[4]

When the position of the appellants is reduced to its essence, it amounts to little more than the fact that their version of the crime is different from that of the state's witnesses; that they are unhappy about their conviction; and that they would like to be released from prison. From their point of view, this is understandable. But it does not square up with our concept of evenhanded justice in which the interests of the public as well as of the accused are entitled to be properly safeguarded by having judgments fairly arrived at treated with proper dignity and respect. The trial court was patently correct in rejecting the petition.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.

3. See State v. Lowe, 60 Idaho 98, 88 P.2d 502 (1939); 70 C.J.S. Perjury § 46.

4. For a treatment of abuses in use of evidence by prosecutor see Suppressed Evidence, 5 Utah Law Review 92 et seq. (1956) by Ronald Boyce. See also Story v. Burford, 178 F.2d 911 (10th Cir. 1949).