BROWN v. WIGHTMAN.

No. 2765.    Decided August 21, 1915 (151 Pac. 366).

ABATEMENT AND REVIVAL—ACTIONS FOR PERSONAL INJURIES— DEATH OF DEFENDANT. A cause of action for malicious personal injury inflicted by shooting abates on the death of the wrong-doer, committing suicide immediately after the shooting, in the absence of any statute to the contrary, notwithstanding the Constitution, declaring that all courts shall be open, and every person, for an injury done to him in his person, shall have remedy by due course of law, for the power of creating rights and providing remedies lies with the Legislature.

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by Bell Brown against D. R. Wightman, administrator of Valentine C. Wightman, deceased.

Judgment sustaining a general demurrer to the complaint. Plaintiff appeals.

AFFIRMED.

*J. W. N. Whitecotton,* for appellant.

*W. B. McPherson,* for respondent.

FRICK, J.

The plaintiff commenced this action against the defendant as administrator of the estate of one V. C. Wightman, deceased. After making the necessary allegations of inducement, and the appointment of the administrator of the estate aforesaid, plaintiff in substance alleged: That on the 2d day of October, 1912, the deceased willfully, maliciously, unlawfully, feloniously, etc., shot the plaintiff with a revolver, and then and there and thereby inflicted a very serious wound in and upon her body, causing her to be seriously and permanently injured, and that from such wound she suffered great pain, etc.; that immediately after shooting the plaintiff, and inflicting upon her body said wound and injury, the deceased, with said revolver, shot and killed himself. The plaintiff also alleged that she had duly presented her claim for allowance, and that the same had been disallowed, and that by reason of said shooting and wounding as aforesaid she had suffered great and irreparable injury to her health and had sustained damages in the sum of $5,000, for which she prayed judgment against the defendant as administrator of said estate. Defendant interposed a general demurrer to the complaint, which was sustained by the District Court of Utah County, and the plaintiff prosecutes this appeal.

The defendant contended in the court below, and insists here, that the death of the wrongdoer abated the action, and hence plaintiff cannot recover. The action is one which at common law did not survive. Plaintiff's counsel has very frankly conceded that after making diligent search he has found no case based on the common law in which it was held that, in the absence of a statute permitting it, the plain-

tiff could maintain the action, and after a most careful search we have found none. The precise question presented here arose and was determined by the Supreme Court of California in a very recent case entitled *Clark* v. *Goodwin, Adm'r*, 150 Pac. 357. In that case the surviving wife of one Leroy M. Clark, who was murdered by one Goodwin, who also died on the same day he killed Clark, brought the action against the administrator of Goodwin's estate. The statute of California, with respect to the survival or abatement of actions, and that the common law, in the absence of an express statute to the contrary, controls, is precisely like ours. In view of the statute the Supreme Court of California held that the death of the slayer of plaintiff's husband abated the action, and that hence she could not maintain the same. To the same effect are *Anderson* v. *Arnold's Adm'r*, 79 Ky. 370; *Melvin* v. *Evans*, 48 Mo. App. 421; *Hegerich* v. *Keddie*, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25; *Hadley* v. *Bryars, Adm'r*, 58 Ala 185, and many other cases which it is not necessary to refer to.

Counsel for plaintiff, however, vigorously insisted at the hearing that the moment the plaintiff was wounded by the deceased a cause of action arose in her favor against him, and that he could not by his own wrongful act, to wit, the taking of his own life, destroy that cause of action. In other words, counsel argued that the deceased could not destroy an existing cause of action by his own wrongful act. The writer, at first blush, regarded the argument with some favor, but upon more mature reflection we are forced to the conclusion that it is without legal force or effect. It is the death of the wrongdoer, and not the cause thereof, or the manner in which it occurs, that abates the action. That such is the case is again illustrated by the recent California decision to which reference has already been made.

Counsel, however, also laid some stress on our constitutional provision that:

"All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law," etc. Const., Art. 1, Sec. 11.

This is a general provision, which in the same or similar language will be found in the Constitutions of at least twenty-eight states in the Union, to wit: Alabama, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Kansas, Kentucky, Maine, Maryland, Minnesota, Mississippi, Missouri, Montana, New Hampshire, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, West Virginia, Wisconsin, and Wyoming. The courts have, however, always considered and treated those provisions, not as creating new rights, or as giving new remedies where none otherwise are given, but as placing a limitation upon the Legislature to prevent that branch of the state government from closing the doors of the courts against any person who has a legal right which is enforceable in accordance with some known remedy. Where no right of action is given, however, or no remedy exists, under either the common law or some statute, those constitutional provisions create none. It is accordingly held in some, if not all, of those states in which the aforesaid constitutional provisions are in force, and where the common law prevails, that in the absence of a statute to the contrary an action like the one at bar abates with the death of either the injured person or of the one inflicting the injury. While the common-law rule is a harsh one, and its enforcement in this case is peculiarly unjust, we nevertheless can see no way of escaping it. The right and power, as well as the duty, of creating rights and to provide remedies, lies with the Legislature, and not with the courts. Courts can only protect and enforce existing rights, and they may do that only in accordance with established and known remedies.

The judgment is therefore affirmed, with costs.

STRAUP, C. J., and McCARTY, J., concur.