**Frank GRANATO, Plaintiff and Appellant,**

v.

**The SALT LAKE COUNTY GRAND JURY et al., Defendants and Respondents.**

**No. 14425.**

Supreme Court of Utah.

Dec. 10, 1976.

Phil L. Hansen, D. Frank Wilkins, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, Walter R. Ellett, Murray, Stephen H. Anderson, Salt Lake City, for defendants and respondents.

WAHLQUIST, District Judge:

The appellant was the Chairman of the Salt Lake County Planning Commission. The Salt Lake County Grand Jury indicted him on two counts of requesting bribes and two counts of receiving bribes, all allegedly to affect zoning matters. He was taken into custody, on the warrants, and released on his own promise to appear.

The complete criminal file is not before this court, but the briefs of the parties concede that the District Court conducting the criminal proceeding refused to review the verbatim transcript of the witnesses on which the Grand Jury apparently relied in returning the indictment. In effect he has refused to review the sufficiency of the evidence to support the indictment. The criminal court also refused to order a preliminary hearing. The same court apparently disappointed the appellant herein by limiting the bill of particulars and the appellant's right to discovery. The judge cited *State v. Faux,* a 1959 case 9 Utah 2d 350, 345 P.2d 186 and permitted the defense counsel to examine the testimony of witnesses on the indictment, but prohibited the copying of the testimony and denied other requests. The appellant immediately filed this civil complaint in the nature of a writ of habeas corpus. He alleges that his freedom is constructively restrained by the defendants because:

1. The indictment in Criminal No. 28220 against the appellant was issued without sufficient probable cause.

2. The appellant was denied verbatim copies of transcripts of testimony of any and all witnesses who appeared before the grand jury relative to the indictment.

3. The appellant was denied the names, addresses, and telephone numbers of all persons interviewed by the grand jury to determine both inculpatory and exculpatory evidence.

4. The appellant was denied taking depositions of all persons deemed necessary for adequate preparation of his defense to the indictment.

5. The appellant was denied a preliminary examination before trial on the indictment.

The respondents moved to dismiss the complaint. They assert that it does not state a cause of action upon which relief can be granted. The District Court (the same judge hearing the criminal matter) granted the motion to dismiss, but then apparently made an order in the criminal case suspending the proceedings until the appeal from his order in the civil matter was decided.

The named defendants in this civil proceeding are: first the 1975 Salt Lake County Grand Jury, second the Foreman thereof and the individual members, third some John Does 1 through 10 who have never been served or appeared.

■ The individual grand jurors, either individually or as a group, had no right nor power to make any disclosure of the testimony before it without a court order.[1] Grand jury members as such have no power or obligation to account to individuals indicted for the logic of their action. The grand jurors have no power to either grant or free this appellant from the constructive restraints present on him. It is abundantly clear that the defendants herein named, either individually or as a "Grand Jury," are without the power to grant any of the relief here prayed for without an express court order; and no such express court order is alleged. The District Court therefore was justified in dismissing the complaint.

There is another compelling reason that the dismissal of the complaint was proper. Setting aside the obvious fact that the named defendants were powerless to grant the relief requested and assuming that a party with such power had been named a defendant, then the issue appears "Should the writ of habeas corpus have been granted?" The Court holds that it should not.

■ This Court has held many times that the extraordinary writ of habeas corpus cannot be used in effect as a substitute for the orderly processes of appeal.[2] What is requested in this case is in effect an intermediate appeal. If this writ were granted, it would have the effect of placing the criminal division of the District Court under the supervision of the civil division of the District Court via the surreptitious route of writ of habeas corpus. The development of such a procedure would be highly undesirable. This proceeding has in effect caused the delay of the criminal proceeding for over six months. If the Supreme Court deemed this a proper case to hear an intermediate appeal, it could grant such an appeal;[3] but to permit such a power to rest in the civil division of the District Court would cause an unnecessary complication in the process of criminal proceedings. The District Court was therefore justified in dismissing this application for release as an improper effort to substitute the extraordinary writ for the intermediate appeal.

In order for this Court to reach the issues requested to be determined by the appellant herein, the Court would not only have to ignore the obvious error in the naming of defendants, but would also have to ignore the unjustified attempt to develop a new form of intermediate appeal and then proceed to meet the purported issues head on. The Court refuses to do so. Insofar as the civil complaint is a justification for the delay of the criminal proceedings, it no longer exists.

---

1. § 77–19–10 and § 77–19–9, Utah Code Annotated 1953 as amended.

2. *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121.

3. Rule 72(b), Utah Rules of Civil Procedure.

The order dismissing the complaint is affirmed. The individual members of the grand jury named as defendants are awarded their costs, if any, herein.

CROCKETT, J., and RONALD O. HYDE and J. ROBERT BULLOCK, District Judges, concur.

MAUGHAN, Justice (dissenting):

Plaintiff, Chairman of the Salt Lake County Planning and Zoning Commission, was indicted by a Grand Jury on two counts of soliciting a bribe and two counts of accepting a bribe; all are felonies. Plaintiff filed a petition for a writ of habeas corpus, alleging the illegality of his constructive restraint. The trial court dismissed the action on the ground the complaint failed to state a claim upon which relief could be granted. Plaintiff appeals. We should reverse, in part.

Prior to filing the complaint, plaintiff filed four motions seeking: 1) Verbatim copies of transcripts of testimony of all witnesses who appeared before the grand jury relative to the indictment, 2) The names, addresses, and telephone numbers of all persons interviewed by the grand jury to determine both inculpatory and exculpatory evidence, 3) Depositions of all persons deemed necessary for adequate preparation of his defense to the indictment, and 4) A preliminary examination before trial on the indictment.

The trial court denied motions 3) and 4); motion 2) was granted only insofar as to those witnesses whom the state would call at the trial. In regard to motion 1), plaintiff was denied verbatim copies of testimony of any witnesses who appeared before the grand jury relative to the indictment, but he was permitted to read the transcript of testimony of the three witnesses whose names were endorsed on the indictment. He was denied the right to take verbatim notes concerning the testimony of these three witnesses.

Thereafter, plaintiff filed the instant petition on the ground the trial court had no jurisdiction to proceed; because there was no probable cause for the indictment, and his restraint was in violation of due process and equal protection clauses of the state and federal constitutions.

We should rule that plaintiff could raise the issues in a habeas corpus proceeding; he is entitled to a preliminary hearing; he should be able to take depositions, except for members of the grand jury. The trial court did not err in limiting the names and addresses of witnesses to be revealed to plaintiff. Plaintiff should be permitted to make a verbatim copy only of the testimony of the witnesses whose names were endorsed upon the indictment as witnesses.

Did plaintiff state a cause of action upon which relief may be granted? I think so. The state vigorously urges plaintiff is not entitled to a writ of habeas corpus; because he is not restrained of his liberty—he is free on his own recognizance.

Rule 65B(a), U.R.C.P., provides:

. . . Where no plain, speedy and adequate remedy exists, relief may be obtained by appropriate action under these rules, on any one of the grounds set forth in subdivisions (b) and (f) of the rule.

Plaintiff has proceeded under Rule 65B(f), U.R.C.P.

Appropriate relief by habeas corpus proceedings shall be granted whenever it appears to the proper court that any person is unjustly imprisoned or otherwise restrained of his liberty. . . .

In the case of *In re Smiley* [1] the issue before the court was whether the remedy of habeas corpus was available to one who was at liberty on his own recognizance. The court observed that the use of habeas corpus had not been restricted to situations in which the applicant was in actual physical custody, but had been involved to re-

---

1. 66 Cal.2d 606, 58 Cal.Rptr. 579, 427 P.2d 179 (1967).

lieve a wide variety of other restraints on a man's liberty. Both bail and a release on one's own recognizance are devices to assure one will attend court when his presence is required, and there are meaningful sanctions to assure such agreement is fulfilled. The court held such an individual is not free to go where he will, for he is subject to restraints not shared by the public generally; and, therefore, he is under sufficient constructive custody to permit him to invoke the writ.[2]

In this jurisdiction, the writ of habeas corpus is used to protect one who is restrained of his liberty where there exists no jurisdiction or authority, or where the requirements of the law have been so ignored or distorted the party is substantially and effectively denied what is included in the term due process of law. Also, where some other circumstance exists that it would be wholly unconscionable not to re-examine the conviction.[3] There is also authority, in this jurisdiction, that an accused who, in fact, is denied a preliminary examination and did not waive this right is entitled to a writ of habeas corpus.[4]

Plaintiff states the trial court erred in dismissing his claim, because there was a genuine issue as to whether there was probable cause to return the indictment. He argues a court lacks jurisdiction to proceed to a criminal trial, until probable cause has been determined to exist. In addition, that such cannot be ascertained without reviewing the testimony of those witnesses whose names were endorsed on the indictment.

There are two basic issues here. Is an indictee entitled to a determination of whether there is probable cause to support the indictment. If so, by what procedure is this standard ascertained.

Since 1912, Nevada has utilized habeas corpus to determine the legal sufficiency of evidence supporting a grand jury indictment. The rationale here is the unfairness of requiring one to stand trial unless probable cause exists to justify such a requirement. The court permits an inquiry as to whether any substantial evidence exists which, if true, would support a verdict of conviction; for if there be none, the grand jury has exceeded its powers, and the indictment is void.[5] In *Shelby v. Sixth Judicial District Court,*[6] the court cited statutory provisions substantially similar to Sections *77–19–3* and *77–19–5*, U.C.A.1953, and stated that claimant was entitled to a pretrial inspection of the testimony of the witnesses who appeared before the grand jury. The court can then intelligently determine whether the kind and quality of evidence contemplated by the code was in fact produced before the grand jury; and whether the indicted defendant should be held for trial.

Section *77–19–3*, U.C.A.1953, as amended 1967, provides:

> In the investigation of a charge for the purpose of indictment the grand jury must receive no other evidence than such as shall be given by witnesses produced and sworn before them or furnished by legal documentary evidence or deposition of a witness as provided in Section 77–1–8 . . . The grand jury must receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence.

Section *77–19–5*, U.C.A.1953, provides:

> The grand jury ought to find an indictment when all the evidence before

---

2. Also see *Franklin v. State*, 89 Nev. 382, 513 P.2d 1252 (1973); *Jacobsen v. State*, 89 Nev. 197, 510 P.2d 856 (1973); *Hensley v. Municipal Court, San Jose Milpitas Judicial District*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

3. *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967); *Gallegos v. Turner*, 17 Utah 2d 273, 409 P.2d 386 (1965).

4. *Winnovich v. Emery*, 83 Utah 345, 361–362, 93 P. 988 (1908).

5. *Shelby v. Sixth Judicial District Court*, 82 Nev. 204, 214 P.2d 942 (1966); upon rehearing, 82 Nev. 213, 418 P.2d 132 (1966).

6. Note 4, supra, at pp. 944–945 of 214 P.2d.

them, taken together, if unexplained or uncontradicted, would in their judgment warrant a conviction by a trial jury.

In light of the foregoing statutes, there should be a legal procedure to determine whether the kind and quality of evidence required was produced before the grand jury, and whether there was probable cause to hold the accused to stand trial. Plaintiff urges that he be granted a preliminary examination as provided in Chapter 15, Title 77. This procedure would give defendant an opportunity to be present and to produce and examine witnesses, Section 77–15–11, for the grand jury is not bound to hear evidence for the defendant, Section 77–19–4.

Article I, Section 13, Constitution of Utah, provides:

Offenses heretofore required to be prosecuted by indictment, shall be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the State, or by indictment, *with or without such examination and commitment.* The formation of the grand jury and the powers and duties thereof shall be as prescribed by the Legislature.

Section 77–1–4, U.C.A.1953, provides:

Every public offense must be prosecuted by information after examination and commitment by a magistrate unless the examination is waived by the accused with the consent of the state, or by *indictment, with or without such examination* and commitment, . . . .

Section 77–15–1, provides:

When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense triable on information or indictment, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings.

Section 77–15–3, provides:

At the time set for the hearing the magistrate before whom the accused is brought must . . . proceed to examine the case.

Section 77–15–17, provides:

If after hearing the proofs it appears that either no public offense has been committed, or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order the defendant to be discharged, by an indorsement on the warrant or the complaint signed by him, to the following effect: "There being no sufficient cause to believe the within named A B guilty of the offense within mentioned, I order him discharged."

Section 77–16–2, provides:

*No defect* or irregularity in or want or absence of any proceeding or *statutory requirement, prior to the filing of an information or indictment,* including the preliminary hearing, *shall constitute prejudicial error* and the *defendant shall be conclusively presumed to have waived any such defect,* irregularity, want or absence of proceeding or *statutory requirement, unless he shall before pleading to the information or indictment specifically and expressly object to the information or indictment on such ground.*

A review of the constitutional and statutory provisions reveals there is no express prohibition, denying one indicted a preliminary examination. By Section 77–16–2, he is conclusively presumed to have waived any objection to an indictment which was based on evidence not commensurate with the statutory requirements of Section 77–19–3.

The apparent meaning of the provisions allowing prosecution to proceed by indictment *with or without* examination is the one indicted has the option to request such an examination. It is distinguishable from the right accorded an accused prosecuted by information, because in the latter situation an examination must be held unless a waiver is established. Where prosecution

is begun by indictment, the accused must take affirmative action to be accorded this right.

Plaintiff stated a claim upon which relief could be granted, viz, a denial of a preliminary examination[7]—he was entitled to this procedure.[8]

Plaintiff further contends he is entitled to a verbatim transcript *of all* grand jury witnesses. This demand is not in accord with Section 77–19–9, U.C.A.1953, as amended 1971, the relevant portions state:

> . . . It shall be the duty of such stenographic reporter to report in shorthand the testimony that may be given before the grand jury and, where an indictment is returned, to *transcribe* the *testimony* of the defendant or defendants and all *witnesses* whose names are *inserted* or *endorsed upon the indictment as witnesses.* . . .

To limit the disclosure of the testimony of the witnesses before the grand jury, to those whose names are endorsed on the indictment is in consonance with the afore-cited statute. Such also strikes a proper accommodation, between the essential secret nature of the grand jury proceedings, and the right of one indicted to determine there was compliance with the evidentiary standards set forth in 77–19–3.

In *State v. Faux*[9] the issue before this court was the appropriate time at which defense counsel should be permitted to examine the transcript for purposes of impeachment of witnesses at the trial. The evidentiary standard of Section 77–19–3 was neither put in issue nor discussed; however, the statement of Justice Crockett in the majority opinion is applicable herein:

> . . . If anyone is under the illusion that in this country one may be condemned for alleged crime upon evidence taken in his absence and kept secret from him, it is heartening to be able to point out that such is not the state of our law. . . .[10]

Without disclosure of the testimony of the witnesses endorsed on the indictment, there is no other way for one indicted to determine whether there was adherence to the statutory evidentiary standard of 77–19–3, prior to his plea. Bear in mind, any objection thereto is waived thereafter by 77–16–2.

Plaintiff finally urges he should be permitted to take depositions, and that *State v. Nielsen*[11] should be overruled. With this contention, I am in complete agreement. A defendant in a criminal action should be permitted to take depositions; however, he must proceed in compliance with the provisions of Sections 77–19–10 and 77–19–11, U.C.A.1953, wherein a grand jury may not be examined except for the limited exception set forth.

As stated by Justice Henriod in his dissent in *State v. Guerts*:[12]

> . . . preliminary hearings and the right to take depositions frequently are the sharpest weapons available to counsel

---

7. *Winnovich v. Emery,* Note 4, supra.

8. Plaintiff has cited the concurring opinion of Justice Mosk in *Johnson v. Superior Court of San Joaquin,* 15 Cal.3d 248, 124 Cal.Rptr. 32, 539 P.2d 792 (1975), wherein it is clearly pointed out that the intrinsic constitutional infirmity in the grand jury's indicting function can be cured only by allowing every indicted defendant a post-indictment preliminary hearing as a matter of right. Specifically, if an indictee is not accorded the right to demand a preliminary hearing he is denied due process at a critical stage of the proceedings. There is also a violation of equal protection when an in-dictee is not accorded the rights granted to an individual prosecuted by information. However, since Utah law appears to grant an indictee, at his option, a preliminary examination, the constitutional issue need not be discussed.

9. 9 Utah 2d 350, 345 P.2d 186 (1959).

10. At p. 355 of 9 Utah 2d, at p. 189 of 845 P.2d.

11. Utah, 522 P.2d 1366 (1974).

12. 11 Utah 2d 345, 353, 359 P.2d 12, 18 (1961).

in piercing subsequent testimony by confrontation with prior inconsistent testimony. Such an opportunity . . . may make the difference between guilt and innocence in the minds of the veniremen.

(All emphasis supplied.)

HENRIOD, C. J., and ELLETT, J., do not participate herein.