**Debra T. SAUERS, Plaintiff,**

v.

**SALT LAKE COUNTY, Ted Cannon, David Yocom, Donald Sawaya, Michael Stewart, Jerry Campbell, Defendants.**

Civ. No. 88–C–595G.

United States District Court,
D. Utah, C.D.

April 10, 1990.

Kathryn Collard, Salt Lake City, Utah, for plaintiff.

Patricia J. Marlowe, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter is before the court on plaintiff Debra T. Sauers' Motion to File a Second Amended Complaint in order to include pendent state law claims previously dismissed. Both parties submitted memorandums regarding the motion, and the matter was argued extensively to the court. Kathryn Collard represented the plaintiff and Patricia J. Marlowe of the Salt Lake County Attorney's Office represented the defendants. The court now being fully advised

enters its Memorandum Decision and Order.

## FACTUAL BACKGROUND

The facts relevant to this matter are substantially set out in the court's Memorandum Decision and Order dated May 10, 1989. 722 F.Supp. 676. Previously dismissed claims plaintiff now wishes to add to her complaint include: 1) alleged violation of plaintiff's constitutional and civil rights under Utah state law; 2) intentional and/or negligent infliction of emotional distress; 3) invasion of privacy; and 4) assault.[1] The claim of assault was stipulated at oral argument to be time barred. Defendants oppose plaintiff's motion to add the other state law claims on several grounds, including 1) the notification provision and the exclusive remedy provision of the Utah Governmental Immunities Act; 2) the exclusive remedy provision of the Utah Workers Compensation Act; and 3) the exclusive remedy provision of The Utah Anti-discrimination Act.

Plaintiff's claims arise in the context of facts which occurred under two distinct administrations of the Salt Lake County Attorney's Office, the administration of Republican Defendant Cannon and that of Democrat Defendant Yocom. The conduct plaintiff complains of implicates substantially different kinds of actions which allegedly occurred before and after defendant Yocum assumed office as Salt Lake County Attorney. During the time defendant Cannon served in office, plaintiff complains that she was verbally and physically sexually harassed by Cannon while defendant Dawson, one of Cannon's subordinates, did nothing to remedy the actions of Cannon. After Cannon left office, the alleged discrimination took a substantially different form under defendant Yocom's administration. Sexual discrimination as alleged by plaintiff no longer involved physical touching or involvement with plaintiff's person, but rather consisted of alleged disparate treatment of plaintiff because of her reaction and conduct concerning lawsuits against defendant Cannon.

The objections raised to the filing of the Second Amended Complaint will be discussed seriatim.

## I. UTAH GOVERNMENTAL IMMUNITIES ACT

### A. *Notification Provision*

■ Plaintiff's proposed claims against Salt Lake County and individual defendants in their official capacities based upon facts which arose during the Yocom administration are barred by the notification provision of the Governmental Immunities Act, U.C.A. §§ 63–30–1 to –38 (1968 & Supp. 1989). Prior to amendment effective April 27, 1987, the Act required notice of claims to be given to political subdivisions or their employees only if the function giving rise to the claim could be characterized as uniquely governmental.[2] The parties agree that the acts upon which claims are asserted in this matter involve non-governmental functions which did not require notice to be given under the Governmental Immunities Act prior to the 1987 amendment. The 1987 amendment renders the governmental-non-governmental distinction irrelevant for claims that arise after the effective date of the statute.[3] In this regard, the

---

1. The proposed Second Amended Complaint reasserts as Count I the pending claimed violation of Title VII of the Civil Rights Act of 1964. In addition, four additional state law counts are set forth, as follows:

 *Count II*—Alleges violation of certain constitutional and civil rights under the Utah State Constitution and laws.

 *Count III*—Intentional and/or Negligent Infliction of Emotional Distress, Pain and Suffering.

 *Count IV*—Invasion of Privacy.

 *Count V*—Assault.

2. In *Standiford v. Salt Lake City Corp.*, 605 P.2d 1230, 1237 (Utah 1980), the Utah Supreme Court

declared the standard for requiring notice under the Utah Act to be "whether the activity under consideration is of such a unique nature that it can only be performed by a governmental agency or ... it is essential to the core of governmental activity." *See also Condemarin v. University Hospital*, 775 P.2d 348 (Utah 1989).

3. Utah Code Section 63–30–13 now reads:

 A claim against a political subdivision, or against its employee for an act or omission occurring during the performance of his duties, within the scope of employment, or under color or authority, is barred unless

Utah Supreme Court has determined that claims arising from acts which occurred prior to the amendment are not subject to the notice requirement, but that claims arising from acts occurring after the April 27, 1987 effective date of the amendment are subject to the notice provisions of the Act. *Schultz v. Conger,* 755 P.2d 165 (Utah 1988).

Plaintiff contends that her claims against Salt Lake County which arose after April 27, 1987, during the Yocum administration, are maintainable notwithstanding the notice of claim provision of the Governmental Immunity Act because the conduct complained of was continuous in nature, stemming from alleged sexual harassment under the Cannon administration. In this regard, plaintiff alleges that her claims are based on "a practice, custom and course of sex discrimination and harassment" which began with actions by defendant Cannon and carried over into the Yocum administration. However, because of essential differences between the alleged acts of discrimination under the Cannon and the later Yocum administrations this court regards the alleged conduct to consist of separate and discrete acts to be viewed individually in applying the notice provision of the Governmental Immunity Act. Accordingly, since notice requirements were not met plaintiff's proposed claims against Salt Lake County and individual defendants in their official capacities arising from acts which occurred after April 27, 1987 may not be filed.[4]

### B. *Exclusive Remedy Provision*

 The waiver of governmental immunity set forth in the Act does not include injuries which arise out of infliction of men-

tal anguish, civil rights or other tortious conduct not expressly waived. U.C.A. § 63–30–10 (Supp.1989). Accordingly, the remaining state law claims against Salt Lake County as well as those asserted against individual defendants in their official capacities may not be filed because they would be subject to dismissal under the exclusive remedy provision of the Governmental Immunities Act. This provision reads in pertinent part:

(3) The remedy against a governmental entity or its employee for an injury caused by an act or omission which occurs during performance of such employee's duties within the scope of employment, or under color of authority is, after the effective date of this act, *exclusive of any other civil action by reason of the same subject matter* against the employee or estate of the employee whose acts or omission gave rise to the claim, *unless the employee acted or failed to act through fraud or malice.*

(4) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but *no employee may be held personally liable ... unless it is established that the employee acted or failed to act due to fraud or malice.*

Utah Code Ann. § 63–30–4 (1986) (emphasis added).

As to pendent claims against defendants in their personal capacities, such also likely would be barred under the exclusive remedy provision because the asserted acts of sex discrimination and harassment do not appear to amount to "fraud or malice" under the Act.[5] In all events, in the exer-

---

notice of claim is filed with the governing body of the political subdivision *within one year after the claim arises,* or before the expiration of any extension of time granted under Section 63–30–11, *regardless of whether or not the function giving rise to the claim is characterized as governmental.* (Emphasis added.)

4. Acts involving Yocom's administration in its short existence prior to April 27, 1987, do not rise to the threshold necessary to support independent and separate claims for relief. (Yocum was elected in November 1986. He was ap-

pointed shortly thereafter for an interim term until he was sworn into the elective position in January 1987.)

5. The main theme of plaintiff's proposed second amended complaint is that of a practice or "course of sex discrimination and harassment." Although plaintiff asserts near the end of the 31 pages in alternative conclusory language that defendants' conduct was "willful, malicious and oppressive ... and/or negligently caused" as to the state law claim of intentional and/or negli-

cise of its discretion relative to the filing of pendent claims, this court declines to permit the filing of such as is set forth hereinafter.

## II. UTAH WORKERS COMPENSATION ACT

█ The Utah Workers' Compensation Act provides an exclusive remedy for negligently caused work related injuries:

> The right to recover compensation pursuant to the provisions of this title ... *shall be the exclusive remedy* against the *employer,* and *shall be the exclusive remedy* against any ... *employee of the employer* ... on account of any accident, injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment, and *no action at law may be maintained against an employer or any officer, agent or employee of the employer based upon any accident, injury or death of an employee....*

Utah Code Ann. § 35–1–60 (1988) (emphasis added).

Plaintiff's proposed claims based on negligent infliction of emotional distress or otherwise based upon negligence may not be filed against Salt Lake County as an employer or against individual defendants as co-employees because such are barred by the aforesaid exclusive remedy provision of the Utah Workers Compensation Act. In *Star v. Industrial Commission,* 615 P.2d 436, 437 (Utah 1980), the Supreme Court of Utah said that "Insofar as the negligence of the employer is involved ... workmen's compensation constitutes the exclusive remedy against the employer...."

## III. UTAH ANTIDISCRIMINATION ACT

### A. *Claims Based upon Violations of the Act*

█ As to plaintiff's claims based upon violation of the Utah Antidiscrimination Act itself,[6] the act provides that the exclusive remedy under Utah law for such a violation is to file a charge of discrimination with the Utah Antidiscrimination Division. An adverse determination may then be appealed to the Industrial Commission and then further appealed to a state district court. U.C.A. § 34–35–7.1(11) (1987). In this case plaintiff failed to exhaust her remedies as provided in the Act.[7]

### B. *Claims Preempted or Not Preempted by the Act*

█ The Utah Antidiscrimination Act expressly prohibits an employer from discriminating against an employee because of sex "in terms, privileges, and conditions of em-

---

gent infliction of emotional distress, and that such acts constituted "negligent and/or malicious" violations of the right of privacy, the actual allegations incorporated in the pleadings in support of the alleged conclusions do not appear to rise to the level of "malice". There is no allegation of fraud, so that exception does not apply. In *Madsen v. Borthick,* 658 P.2d 627 (Utah 1983), the Utah Supreme Court held that 63–30–4 precluded recovery against state employees who neglected properly to monitor a finance company's operations. (In that case, allegations of gross negligence, fraud, or malice were not made. At the time of that decision, the Utah law also provided an exception for "gross negligence," but that exception was deleted by amendment of the statute in 1983.)

**6.** Utah Code Ann. §§ 34–35–1 to –8 (1988 & Supp.1989).

**7.** As to defendant Cannon's conduct and the acts of other defendants regarding plaintiff's transfer in 1986 to the South Valley office, the plaintiff did take partial advantage of this remedy. Charges were filed with the Utah Anti-discrimination Division and appealed to the Industrial Commission which determined that "no reasonable cause exists" to allow the plaintiff a remedy for the alleged discriminatory acts. Plaintiff alleged in her complaint filed with the Utah Antidiscrimination Division that "I was transferred from my position as Secretary, Investigative Division, to the South Valley office. Prior to this I was sexually harassed on the job by Mr. Ted Cannon, Salt Lake County Attorney." This is essentially the same grievance plaintiff would now litigate in this court. Plaintiff was informed that she could appeal the adverse order of the Commission to the state district court within one month of the decision. Subsequent and other claims now asserted for grievances in the work place could have been filed with the Utah Antidiscrimination Division, within 180 days after the occurrence thereof. U.C.A. § 34–35–8 (1988).

ployment." Utah Code Ann. § 34-35-6(1)(a)(i) (1988).[8] Defendants contend that plaintiff's pendent claims are preempted by the exclusive remedy provision of the Utah Act, which provides:

> The procedures contained in this section and Section 34-35-8 are the exclusive remedy under state law for employment discrimination because of race, color, sex, age, religion, national origin, or handicap.

U.C.A. § 34-35-7.1(11) (1988); *cf.* Utah Code Ann. § 68-3-2 (1986) (statutes prevail over contrary common law provisions).

This court reads the exclusive remedy provision of the Act as foreclosing any claim outside of the Act arising from the very behavior and conduct expressly prohibited by the Act. Upon review of the claims set forth by plaintiff in the proposed Second Amended Complaint, this court is convinced that all such claims are based upon or arise from alleged conduct in the nature of sexual discrimination by reason of sexual harassment in the work place. However packaged and presented, these claims appear not to be separate and distinct from the very conduct which is prohibited under the Utah Antidiscrimination Act. However, claims which assert a different injury than the statute covers, such as intentional tort claims, and perhaps certain state constitutional claims, are not necessarily preempted by the Act if an indepen-

dent cause of action exists outside the Act for such claims. Those claims will now be considered.

**1. State Constitutional and Statutory Claims**

Plaintiff's claims which are cast as violations of Utah statutes or the Utah State Constitution nevertheless essentially appear to constitute claims of sexual harassment and discrimination. To the extent that is so such alleged, violations likely would be barred as preempted by the Act. Also, in the absence of remedies otherwise expressly provided, there appears to be no general right to a private cause of action for violation of the Utah State Constitution and statutory provisions asserted by plaintiff.[9] In all events, in the exercise of its discretion relative to the filing of pendent claims, this court declines to permit the filing of such as is set forth hereinafter.

**2. Intentional Infliction of Emotional Distress and Privacy Interference**

**a. *Against Salt Lake County***

As noted previously, the pendent state law claim of intentional infliction of emotional distress and the pendent state law claim of intentional tort because of invasion of privacy as against Salt Lake County and the defendants in their official capacities appear to be barred under the

---

**8.** Claims of sexual harassment under the Utah Act would have to be established by proof of conduct satisfying essential elements of a prima facie case such as is recognized under analogous federal law. This court has noted the following elements of a prima facie case of sexual harassment under Title VII: "(1) the employee is a member of a protected group; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of affected a term, condition, or privilege of employment; and (4) the employer is subject to liability based on agency principles." *Bowen v. Valley Camp of Utah, Inc.,* 639 F.Supp. 1199, 1204 (D. Utah 1986) (citing *Henson v. City of Dundee,* 682 F.2d 897, 903–05 (11th Cir.1982); *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986)).

**9.** Utah Supreme Court Chief Justice Hall in his dissent in *Condemarin v. University Hospital,* 775 P.2d 348 (Utah 1989), pointed out that there appears to be no private cause of action for

violation of the Utah State Constitution since no remedy is provided, citing *Brown v. Wightman,* 47 Utah 31, 34, 151 P. 366, 366–67 (1915), for the proposition that "[W]here no right of action is given, however, no remedy exists, under either the common law or statute, ..." Whether indeed a private cause of action could be stated for violation of Utah state constitutional provisions in a proper case most appropriately would be a matter for determination by the Utah Supreme Court. As to claimed statutory violations, plaintiff asserts that defendant Cannon violated section 17–16a–4(2) of the Utah Code by using his position to secure special privileges for himself, and section 76–8–104, which makes punishable threats of harm to public officials made for the purpose of influencing decisions, etc. Remedies and punishments are provided by Utah law for such violations, but the Supreme Court of Utah has not yet held that such statutes create a private civil cause of action for damages, and this court declines to so rule.

exclusive remedy provision of the Utah Governmental Immunity Act.[10] In any event, such actions cannot be asserted in the absence of compelling proof that the County, as employer, intended and directed that plaintiff, as a county employee, be intentionally harmed. *Bryan v. Utah International,* 533 P.2d 892 (Utah 1975); *Mounteer v. Utah Power & Light Co.,* 773 P.2d 405 (Utah App.1989); *Lantz v. National Semiconductor Corp.,* 775 P.2d 937 (Utah App.1989). No substantial evidence has been presented to the court which demonstrates that the County itself intended its employees to inflict harm upon or to punish the plaintiff.

Plaintiff also alleges that the actions of various individuals amount to a *"de facto"* County policy. In this case the alleged acts of the individual defendants may be said to constitute offensive private acts, but there is no substantial evidence that the County directed or intended the acts which allegedly were performed by the various individuals. Furthermore, the sexual acts alleged obviously were not within the scope of the employee's duty.[11]

Based upon the foregoing, intentional tort claims against the County and defendants in their official capacities may not be filed.

b. *Against Individual Defendants*

Neither will the court permit the filing of claims of intentional infliction of emotional distress or invasion of privacy against defendants in their individual capacities. Those claims were dismissed over a year ago, without prejudice to pursuit of such in state court.

For all of the reasons aforesaid, and for the additional reason that this court exercises its discretion in refusing to permit the pursuit of pendent claims at this late stage of the litigation,[12] plaintiff's motion to file the proposed Second Amended Complaint is denied. However, by separate contemporaneous order of the court, plaintiff's section 1983 claim is reinstituted as against certain individual defendants.

IT IS SO ORDERED.

---

**10.** U.C.A. §§ 63–30–1 to –38 (1986 & Supp.1989). Also, an action for violation of the asserted "right of privacy" has not yet been recognized by the Utah Supreme Court, although this court considers that it is likely to do so.

**11.** In *Birkner v. Salt Lake County,* 771 P.2d 1053 (Utah 1989), an employee in the work place, during working hours, had sexual relations with a patient who came for therapy. In holding that such sexual contacts were outside the scope of defendant's employment, the court stated that some conduct "is so clearly outside the scope of employment that the issue may properly be decided by the trial judge as a matter of law." The Supreme Court of Utah then set forth a three part test concerning scope of employment: 1) Whether the conduct is of the *general kind the employee is employed to perform;* 2) whether

the conduct occurred within the *ordinary hours and physical boundaries of employment;* and 3) whether the employee's conduct was *motivated, at least in part by the purpose of serving the employer's interest.* It is clear to the court that the conduct complained of here was outside the scope of employment of the individual defendants and did not constitute "policy" of Salt Lake County.

**12.** *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d. 218 (1966); *Jones v. Intermountain Power, et al.,* 794 F.2d 546 (10th Cir.1986); *Zabkowicz v. West Bend Company,* 789 F.2d 540, 546 (7th Cir.1986); *Central National Bank v. Rainbolt* 720 F.2d 1183 (10th Cir.1983); *Wilhelm v. Continental Title Company,* 720 F.2d 1173 (10th Cir.1983).